# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 05-2569 B P |
| RANDSTAD NORTH AMERICA, L. P. d/b/a RANDSTAD | ) ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

This lawsuit was instituted by the Equal Employment Opportunity Commission (hereinafter the "Commission") against the Defendant Randstad North America, L.P. d/b/a Randstad (hereinafter the "Defendant"), pursuant to Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and the Civil Rights Act of 1991, 42 U.S.C. §1981a, to remedy unlawful practices alleged in the Complaint, filed in this action, on August 5, 2005. The Complaint alleged that Defendant, Randstad, retaliated against LaTasha Treble by failing to recall her for other job assignments after she complained of sexual harassment by an employee of Randstad's on site employer.

Defendant denies that it engaged in the unlawful employment practices alleged by the Commission and maintains that the actions of its officials were proper and lawful in all regards.

This Consent Decree does not constitute an admission by the Defendant of the allegations of the Complaint. However, as all parties to this action desire to avoid the additional expense and delay in the litigation of this case, the Commission and the Defendant have agreed to settle all claims involved in this lawsuit.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-4-05



In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

The court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

The United States District Court for the Western District of Tennessee, Western Division has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF CONSENT DECREE

A. This Consent Decree resolves all issues and claims arising out of the Complaint of the Commission in this cause, alleging unlawful employment policies and practices maintained by Defendant and arising out of Charge No. 250-2004-01234 filed with the Commission by LaTasha Treble. Notwithstanding any provisions contained in this Agreement, this Agreement shall not be considered in any manner to be dispositive of any other charges now pending before any office of the Commission, or any other lawsuits pending against Defendant or its parent or its parent's other subsidiaries, other than the above-mentioned charge and this lawsuit.

B. The provisions of this Consent Decree shall continue to be effective and binding upon

the parties to this action for three years.

## III. INJUNCTIVE RELIEF

The Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are enjoined from discriminating against any employee because he or she has opposed unlawful employment practices.

## IV. NON-RETALIATION PROVISION

The Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant shall not discriminate against any individual because such individual has opposed any act or practice made unlawful by Title VII of the Civil Rights Act of 1964, as amended, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

## V. TRAINING

A.  Defendant shall provide employment-discrimination awareness training to its non-temporary personnel at its facility located at 5106 Tradeport Road, Memphis, Tennessee 38141, according to the following terms:

(a) The training session will include at least two (2) hours of instruction;

(b) The training will include the following topics: what constitutes employment discrimination in violation of Title VII; how to prevent, identify and remedy employment discrimination, including sexual harassment; what constitutes retaliation in violation of Title VII; Defendant's policy against employment discrimination and retaliation; and implementation of Defendant's policy against employment discrimination, including procedures and responsibilities for reporting, investigating and remedying conduct an

3

employee believes may constitute employment discrimination;

(c) Defendant shall have the option of assigning the training to its in-house counsel; the training shall be conducted at the site of the disputed conduct.

(d) Within sixty (60) days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the name, address, and telephone number of the in-house counsel together with the date of the proposed training session and a detailed outline of the proposed training.

(e) The training session will be conducted within one hundred twenty (120) days after the date of the entry of this consent decree by the Court.

## VI. NOTICE POSTING

The Defendant shall continue to conspicuously post the notice (posters) required to be posted pursuant to Title VII of the Civil Rights Act, as amended. Furthermore, the Defendant shall conspicuously post the notice at Appendix A of this Decree for three years commencing within ten (10) days after entry of this Decree by the Court.

## VII. INDIVIDUAL RELIEF

A. The Defendant shall pay $4,500.00 in back pay, less withholding taxes, and $8,000.00 in compensatory damages. Within ten days after entry of the Decree, Defendant shall deliver to LaTasha Treble a cashier's check made payable to LaTasha Treble for the amount of the back pay and compensatory damages.

B. The Defendant shall forward a copy of the cashier's check to Katharine W. Kores, Regional Attorney, Equal Employment Opportunity Commission, Memphis District Office, 1407 Union Avenue, Suite 621, Memphis, TN 38104.

C. The Defendant shall make every effort to immediately place LaTasha Treble at the

4

Ozburn-Hessey Logistics Warehouse in Memphis, Tennessee, especially in the Shipping and Receiving area, should such an opening be available. In any event, Defendant shall immediately recall LaTasha Treble for positions for which she qualifies and which pay at an hourly wage no less than her pay rate at her most recent placement through Defendant.

D.   The Defendant agrees to expunge LaTasha Treble's personnel records to remove any and all reference to the facts that she lodged an internal complaint of sexual harassment and that she filed a charge of discrimination.

## VIII. COSTS

Each of the parties shall bear its own costs, including attorneys' fees.

IT IS SO ORDERED THIS ___ DAY OF _November_, 2005.

J. DANIEL BREEN
U. S. DISTRICT JUDGE

**FOR DEFENDANT:**

*/s/ John Kelly*

**JOHN KELLY, ESQ.**

Randstad North America, L.P.
2015 South Park Place
Atlanta, GA 30339

**FOR THE COMMISSION:**

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Katharine L. Kores*

**KATHARINE W. KORES**
Regional Attorney
TN Bar No. 6283

*/s/ Faye D. Williams*

**FAYE WILLIAMS**
Supervisory Trial Attorney
TN Bar No. 11730

*/s/ Darin B. Tuggle*

**DARIN B. TUGGLE**
Trial Attorney
NJ Bar No. 048621998

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee
(901) 544-0115

## NOTICE

1. This Notice to all employees of Randstad North America, L.P. is being posted as part of the remedy agreed to between Randstad North America, L.P. and the Equal Employment Opportunity Commission in settlement of a complaint of employment discrimination filed by LaTasha Treble.

2. Federal law requires an employer to maintain a workplace free from retaliation, as well as discrimination based on gender, race, color, religion, national origin, age (40 or older), or disability with respect to working environment or terms and conditions of employment. It is a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, to terminate someone's employment because she or he complained of discrimination in the workplace.

3. Randstad North America, L.P. does not tolerate or condone retaliation in the workplace because an employee complained about alleged discrimination. Retaliation is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by Randstad North America, L.P. will result in disciplinary action up to and including termination.

4. The posting of this Notice by Randstad North America, L.P. does not constitute an admission by Randstad of any liability under Federal law.

5. This Notice shall be posted by Randstad North America, L.P. for three years.

SIGNED this 27th day of October, 2005

_____
RANDSTAD NORTH AMERICA, L.P. LLC

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02569 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

John Kelly
RANDSTAD NORTH AMERICA, L.P.
2015 So. Park Place
Atlanta, GA 30339

Faye A. Williams
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Honorable J. Breen
US DISTRICT COURT